UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Alberto C.M.,

        Petitioner,

v.

Kristi Noem, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and Peter Berg, *Director, St. Paul Field Office Immigration and Customs Enforcement*,

        Respondents.

Civil No. 26-380 (DWF/SGE)

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Alberto C.M.'s petition for a writ of habeas corpus ("the Petition"). (Doc. No. 1.) Respondents filed an answer, asserting authority to detain Petitioner under 8 U.S.C. § 1226. (Doc. No. 5.) For the reasons set forth below, the Court grants the petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Mexico who currently resides in the state of Minnesota. (Doc. No. 1 ¶¶ 1, 16; Doc. No. 6 ¶ 4.) He entered the country with a valid H2B visa on March 11, 2022, and has lived in the United States since then. (Doc. No. 1 ¶¶ 8, 24-25; Doc. No. 6 ¶ 4.) Petitioner was arrested by federal immigration agents between 1:00 and 2:00 p.m. on January 8, 2026 in St. Paul, Minnesota, as part of Operation Metro Surge.

(Doc. No. 1 ¶¶ 1, 16, 27-28; Doc. No. 6 ¶ 5.)  At the time of his arrest, Petitioner was not served an arrest warrant.  (*See* Doc. No. 1 ¶ 16; Doc. No. 6-1.)  Following his arrest, Petitioner was brought to the U.S. Immigration and Customs Enforcement ("ICE") detention center at Fort Snelling.  (*See* Doc. No. 6 ¶ 5; Doc. No. 6-1.)  While at Fort Snelling, Petitioner was served with a Form I-200, a Warrant of Arrest form used by federal immigration agents.  (*See* Doc. No. 6-1.)

A few hours after his arrest, ICE agents brought Petitioner to Fairview Southdale Hospital ("Fairview") in Edina, Minnesota, for evaluation of apparent head injuries. (Doc. No. 1 ¶¶ 2, 32.)  Following a CT scan, doctors at Fairview diagnosed Petitioner with the following life-threatening injuries:  skull fractures to the right frontal, temporal, parietal, occipital, sphenoid, and orbital bones and zygomatic arch and left temporal bone; and epidural, subdural, subarachnoid, intracerebral, and intraparenchymal hemorrhages.  (*Id.* ¶ 32.)  Given the severe nature of his injuries, Petitioner was transferred to Hennepin County Medical Center ("HCMC") for enhanced care.  (*Id.*)[1] Although Petitioner was initially able to communicate with hospital staff, his condition has declined, and he is now experiencing difficulty communicating verbally.  (*Id.* ¶ 33.)

The cause of Petitioner's injuries is still unknown.  Hospital records reflect that Petitioner told Fairview staff that he was dragged and mistreated by federal agents.  (*Id.* ¶¶ 3, 33.)  ICE agents have largely refused to provide information about the cause of

---

[1]     Respondents contend that Petitioner was brought directly to HCMC, not to Fairview.  (Doc. No. 6 ¶ 6.)  The Court does not make a final factual determination on this point because this fact is nondispositive.

Petitioner's condition to hospital staff and counsel for Petitioner, stating only that "he got his shit rocked" and that he ran headfirst into a brick wall. (*Id.* ¶¶ 3, 35, 36.)

Despite requests by hospital staff, ICE agents have refused to leave the hospital, asserting that Petitioner is under ICE custody. (*Id.* ¶¶ 4, 37.) Two agents have been present at the hospital at all times since January 8, 2026. (*Id.*) ICE agents used handcuffs to shackle Petitioner's legs, despite requests from HCMC staff that he not be so restrained. (*Id.* ¶ 38.) Petitioner is now confined by hospital-issued four-point restraints in an apparent compromise between the providers and agents. (*Id.* ¶ 4.)

Prior to this case, ICE had not provided any explanation for Petitioner's arrest or continued detention. (*See id.* ¶¶ 1, 6-7.) Counsel for Petitioner made multiple attempts to discover the basis for Petitioner's detention, including filing a form G-28 Notice of Entry of Appearance and multiple calls to the ICE Field Office. (*Id.* ¶¶ 6, 39.)

Petitioner filed the Petition on January 16, 2026, requesting his immediate release from ICE custody. (*Id.* at 20.) Petitioner asserts that his detention violates his substantive and procedural due process rights, the Rehabilitation Act, and the *Accardi* doctrine. (*Id.* ¶¶ 55-75.) He also asked the Court to prohibit Respondents from (1) transferring him from this District, or (2) discharging or otherwise involuntarily removing him from HCMC against medical advice or without the valid consent of Petitioner or the Court. (*Id.* at 20.) The Court granted that request on January 17, 2026. (Doc. No. 3.)

Respondents filed an answer on January 20, 2026, arguing that Petitioner is properly detained under 8 U.S.C. § 1226(a). (Doc. No. 5.) Respondents filed a

3

declaration from ICE Deportation Officer William J. Robinson with their answer. (Doc. No. 6.) Robinson states that Petitioner was in the middle of the intake process to initiate removal proceedings when it was determined he had a head injury and needed to be taken to the hospital. (*Id.* ¶¶ 6-8.) The intake process has not been completed to this day, fifteen days after his initial arrest. (*See id.* ¶ 7.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents assert authority to detain Petitioner under 8 U.S.C. § 1226. (Doc. No. 5 at 2.) Petitioner responds that detention under § 1226 is unlawful because his arrest was made without a warrant and without reasonable suspicion. (Doc. No. 8 at 3.)

The Court agrees with Petitioner. While a Form I-200 was issued, that form was not issued until after his arrest and initial detention. "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." *Cristian Z. v. Bondi*, No. 26-cv-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation modified); *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be

4

removed from the United States."). Thus, ICE does not have authority to detain a noncitizen under § 1226 who was arrested without a warrant. *See Cristian Z.*, 2026 WL 123116, at *2 (collecting cases). The proper remedy for this kind of violation is release from custody, not a bond hearing. *See, e.g.*, *Joaquin Q.L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2-3 (D. Minn. Jan. 21, 2026) (collecting cases). Accordingly, the Court grants the Petition and orders Respondents to release Petitioner immediately. ICE agents must leave HCMC and remove any restraints that were imposed against hospital recommendation.

Even if a warrant served after arrest and detention was sufficient, Petitioner's continued detention clearly violates the Due Process Clause. The Due Process Clause of the Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. Freedom from physical detention by the government is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Civil detention violates the Due Process Clause unless there is a "special justification" that "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (citation modified).

When a noncitizen is arrested without a warrant, ICE must make a custody determination and decide whether to issue a notice to appear within 48 hours, unless there is some kind of emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d) (2026). In the event of an emergency, that determination needs to "be made within an additional reasonable period of time." *Id.* Petitioner's hospitalization likely qualifies as an

5

emergency, but fifteen days is not a reasonable period of time under these circumstances. *See Marin v. Noem*, No. 25-cv-9343, 2025 WL 3158094, at *3-4 (C.D. Cal. Oct. 4, 2025) (discussing what reasonable period of time means when the petitioner is hospitalized). Respondents have provided no explanation of why the intake process cannot be completed while Petitioner is hospitalized or why fifteen days is a reasonable period of time. Instead, Respondents assert that the process will be completed once Petitioner has recovered. Respondents have not issued a notice to appear or otherwise commenced removal proceedings. Petitioner is a limbo stage with no other method for challenging his detention. This independently violates the Due Process Clause.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, the Government shall provide the Court with a status update confirming Petitioner's release.

5.      Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 23, 2026                  s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge