# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Alberto C.M.,

          Petitioner,

v.

Markwayne Mullin, *Secretary,*
*Department of Homeland Security*;
Todd M. Lyons, *Acting Director,*
*Immigration and Customs Enforcement*;
and Peter Berg, *Director, St. Paul Field*
*Office Immigration and Customs*
*Enforcement*,

          Respondents.

Civil No. 26-380 (DWF/SGE)

**MEMORANDUM**
**OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on Petitioner Alberto C.M.'s motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 15.) Respondents oppose the motion. (Doc. No. 20.) For the reasons set forth below, the Court grants the motion and awards attorneys' fees to Petitioner's counsel in the amount of $15,800.17.

## BACKGROUND

Petitioner is a citizen of Mexico and resident of Minnesota. (Doc. No. 1 ¶¶ 1, 16; Doc. No. 6 ¶ 4.) He was detained by U.S. Immigration and Customs Enforcement ("ICE") on January 8, 2026, in St. Paul, Minnesota, as part of Operation Metro Surge. (Doc. No. 1 ¶¶ 1, 16, 27-28.) Following his detention, Petitioner filed this habeas action. In response to Petitioner's habeas petition, Respondents argued that Petitioner's detention

was proper under 8 U.S.C. § 1226(a).[1]  (Doc. No. 5.)  The Court granted the Petition and ordered Petitioner's release, finding that Petitioner was unlawfully detained because Respondents did not serve Petitioner with a warrant until after he was arrested.  (Doc. No. 9 at 4-5.)  Section 1226 allows arrest and detention of a noncitizen only on a warrant. (*See id.* (citing 8 U.S.C. § 1226(a)).)

Petitioner now moves for an award of attorney fees under the EAJA in the amount of $15,800.17.  (Doc. No. 15.)  Petitioner retained three attorneys with Hennepin County Adult Representation Services to represent him *pro bono* and assigned his attorney fee award under the EAJA to Hennepin County Adult Representation Services.  (Doc. No. 18 ¶¶ 4, 6.)  Petitioner has a net worth of under $2,000,000.  (*Id.* ¶ 1.)

## DISCUSSION

The EAJA provides that a court must award fees and expenses to a party that prevails in a civil action against the United States, including a habeas action, "unless the court finds that the position of the United States was substantially justified."  28 U.S.C. § 2412(d)(1)(A).  The purpose of the EAJA is to eliminate, for the average person, barriers to challenging unreasonable governmental actions.  *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990).

---

[1]    Unlike many other habeas cases filed in this District, this case did not center on the question of whether a noncitizen who had entered the United States without inspection is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

Here, Petitioner is the prevailing party. The Court granted the Petition and entered judgment, ordering, among other things, Petitioner's immediate release. (Doc. No. 9.) In their response, Respondents agree that Petitioner is a prevailing party. (Doc. No. 20 at 1.)

Next, the Court turns to the question of whether the government's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(B). A "substantially justified" position "need not be correct" so long as it has "a reasonable basis in law and fact." *Bah v. Cangemi*, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The government bears the burden of proving that its position—in this case, its position that Petitioner's detention was proper under 8 U.S.C. § 1226(a)—was substantially justified. *See Friends of the Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 885 (8th Cir. 1995). Notably, Respondents make no argument whatsoever on whether their position was substantially justified. (Doc. No. 20 at 3.) Having made no argument, Respondents have not met their burden of proving that their position was substantially justified. Accordingly, the Court finds that Petitioner is entitled to fees.

Lastly, the Court must determine the amount of attorneys' fees. The EAJA caps reasonable fees at $125 per hour, but a court can adjust the amount to account for cost of living and other special factors. 28 U.S.C. § 2412(d)(2)(A). Petitioner's counsel requests $15,800.17 for 59.6 hours of work. (Doc. No. 17 ¶ 7.) Respondents do not contest the adjusted rate used by Petitioner's counsel. (Doc. No. 20 at 4.) Rather, they argue that 59.6 hours was not a reasonable number of hours to spend on this case. (*Id.*) In particular, Respondents argue that some of the time spent by Petitioner's counsel was

3

duplicative and that the hours spent on strategy discussions, client visits, discussion with opposing counsel, record keeping, and drafting filings was excessive. (*Id.*)

After a review of the record, the Court finds the rate and number of hours expended are reasonable. First, the requested rate is similar to a rate the Court recently found reasonable. *See Jafet L.C. v. Blanche*, No. 26-cv-903, 2026 WL 1361497, at *2 (D. Minn. May 15, 2026) (finding $261.12 per hour to be reasonable and explaining accepted rate formulas). Second, the requested number of hours reflects the novelty and difficulty of the questions, the complexity of the facts, and the skill required by the attorneys performing the legal services. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 & n.9 (1983) (discussing factors relevant to the reasonableness of an EAJA award); *see also, e.g.*, *Evans v. Berryhill*, 298 F. Supp. 3d 1210, 1212-13 (D. Minn. 2018) (applying these factors to determine reasonable hours). To start, the facts of this case were difficult to gather. Petitioner's attorneys were referred to him after he was brought to the hospital by ICE agents. (Doc. No. 17 ¶ 5.) Petitioner had severe head injuries and was in a coma. (*Id.*) This made it difficult to collect information for Petitioner's case and develop a litigation strategy. (*See id.*) Moreover, and as the Court observed in its order granting the Petition, ICE agents were not forthcoming about the details of Petitioner's arrest. (*See* Doc. No. 9 at 2-3.)

In addition to complex facts, Petitioner's counsel did not know the legal basis for Petitioner's arrest and detention until Respondents filed their response to the Petition. (*See* Doc. No. 1 ¶¶ 6, 16, 39-40.) After the response, Petitioner had to address a new argument and new evidence in his reply. Further, the ultimate basis for Petitioner's

detention, § 1226(a), was different from the legal basis provided for most detentions during Operation Metro Surge.  Lastly, Petitioner was arrested earlier in Operation Metro Surge, when there was limited case law on these issues.

In sum, Petitioner's case was far from the typical habeas case the Court saw during Operation Metro Surge.  It presented unique challenges that understandably took Petitioner's attorneys significant time to address.  The requested hours are reasonable given those challenges.  The Court grants Petitioner's motion and awards the requested amount of attorneys' fees.

### ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's motion for attorney fees (Doc. No. [15]) is **GRANTED**.

2.      Petitioner's counsel is awarded $15,800.17 in attorneys' fees.

Dated:  May 29, 2026                     s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge

5